IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RANDAL LEON ASHLIN | § | |
| v. | § | CIVIL ACTION NO. 5:16-CV-52 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was heretofore referred to the United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On April 30, 2018, the Magistrate Judge issued a Report and Recommendation, recommending the motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 be denied. Docket No. 15. The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. No objections to the Report and Recommendation were filed.[1] Thus, any aggrieved party is barred from *de novo* review by the district court of the proposed findings and recommendations of the Magistrate Judge.

The movant had argued the following points of error: (1) ineffective assistance of counsel for failing to argue the possibility of a downward departure regarding a mandatory minimum sentence; (2) ineffective assistance of counsel for failing to challenge the results of a custodial

---

[1] The Report and Recommendation was entered on April 30, 2018. Docket No. 15. An Acknowledgement of Receipt was returned indicating the movant received a copy of the Report and Recommendation on May 7, 2018. Docket No. 16. The Acknowledgement of Receipt was signed by a Chief Security Officer at USP Marion who certified that the Report and Recommendation was delivered to the movant on May 7, 2018.

interview that was held without a Miranda warning; (3) ineffective assistance of counsel for failing to suggest or request a mental health evaluation or other defense strategy; and (4) ineffective assistance of counsel for failing to challenge the length or stipulations of supervised release following release from incarceration. Docket Nos. 1 & 9.

The Magistrate Judge explained that the record indicated that the "movant's plea and waiver were both knowing and voluntary." Docket No. 15 at 11. Moreover, the Magistrate Judge found that the movant's signed plea agreement contained "an express waiver of his right to appeal or seek relief under § 2255." *Id*. The Magistrate Judge then reviewed each of the movant's ineffective assistance of counsel claims and recommended that they all be denied. *Id*. at 12–18.

There being no grounds of plain error or manifest injustice, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. The movant's request to vacate, set aside or correct sentence under 28 U.S.C. § 2255 should be denied.

Furthermore, the Court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in

making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, movant has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED this 25th day of June, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE